# EXHIBIT A-1

Received and E-Filed for Record
6/6/2024 4:38 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Ivey

CAUSE NO. 24-06-08795

| | | |
|---|---|---|
| **HOMEOWNERS OF AMERICA INSUIRANCE COMPANY as subrogee of Bianca Del Valle Rodriguez and Kevin Del Vallee** § § § § § § § § § § | | **IN THE DISTRICT COURT OF** Montgomery County - 284th Judicial District Court  _____ **DISTRICT COURT** |
|     Plaintiff, v. **TTI-CONSUMER POWER TOOLS, INC.**     Defendant. | | **MONTGOMERY COUNTY** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, Homeowners of America Insurance Company, as subrogee of Bianca De Valle Rodriguez and Kevin Del Vallee, in the above-entitled cause and files this its Original Petition against TTI Consumer Power Tools, Inc. and for its cause of action show unto the Court as follows:

### CLAIM FOR RELIEF

1. Plaintiff seeks monetary relief over $200,000.00.

### DISCOVERY

2. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3 of this Rule.

### PARTIES

3. Plaintiff Homeowners of America Insurance Company ("HOAIC") is an insurance carrier based in Texas and provides insurance coverage in 21 various states of the United States, including Texas, and is authorized to transact insurance business in the State of Texas. HOAIC is the real party in interest having made payments to its insureds, pursuant to HOAIC's policy of insurance. HOAIC is legally and equitably subrogated to certain rights of its insureds to the extent of HOAIC's payments.

Plaintiff's Original Petition                                                                                                                                          Page **1** of 7

4.  Plaintiff's Insureds, Bianca Del Valle Rodriguez and Kevin Del Vallee ("the Insureds" or "the Del Valles"), are individuals residing in Montgomery County, Texas and at all times material herein owned the property located at 18905 Genova Bay Court, New Caney, Texas 77357 ("the Property").

5.  Defendant TTI-Consumer Power Tools, Inc. (hereinafter "TTI-Consumer"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 550 Mason Farm Lane, Greer, South Carolina 29651.  At all times relevant hereto, TTI-Consumer was engaged in the business of manufacturing and distributing, inter alia, the Hart 20v 2amp lithium-ion battery.  TTI-Consumer does not maintain a registered agent for service of process in the State of Texas, but may be served with process through the Texas Long-Arm Statute, Texas Civil Practices and Remedies Code §17.044, by service of duplicates copies on the Texas Secretary of State. Alternatively, Defendant can be served with process through its registered agent for service of process by serving its registered agent:

> TTI Consumer Power Tools, Inc.
> Registered Agent:  Corporation Service Company
> 251 Little Falls Drive
> Wilmington, New Castle, DE 19808

Plaintiff requests citation be issued.

## JURISDICTION AND VENUE

6.  The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  The Court has jurisdiction over the Defendant because the Defendant conducted business in the State of Texas. The Court has jurisdiction over this cause of action because damage to property occurred at property owned by the Insureds of Plaintiff at 18905 Genova Bay Court, New Caney, Texas, 77357, which location

is within Montgomery County, Texas. Accordingly, venue is mandatory in Montgomery County, Texas pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code.

## FACTS

7. At all times material hereto, HOAIC's insureds owned the Property.

8. On or about December 12, 2023, a fire occurred in the Property.

9. The fire occurred in the garage.

10. The Property was severely damaged in the fire.

11. HOAIC's experts determined that the fire originated at a Hart 20v 2amp lithium-ion battery ("Hart battery") located in the garage, and that a defect in the Hart battery was responsible for the fire's ignition.

12. All other potential sources of ignition were eliminated.

13. The Hart battery where the fire originated was designed, manufactured, distributed, marketed, sold, and/or otherwise placed into the stream of commerce by the Defendant.

14. Upon information and belief, the defect in the Hart battery existed at the time it left possession or control of Defendant.

15. As a direct and proximate result of the failure of the Hart battery that occurred, Plaintiff sustained damages.

## COUNT I
## STRICT LIABILITY

16. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

17. At all times material hereto, the Defendant engaged in the business of selling Hart 20v 2amp lithium-ion battery.

18. The Defendant is in the business of designing, manufacturing, distributing, marketing and/or selling, among other things, the Hart 20v 2amp lithium-ion battery for consumer use in residential homes, including the Hart battery of the same make and model located in the Property.

19. The Hart battery used at the Property was designed, manufactured, distributed and/or sold by the Defendant.

20. The Hart battery used at the Property was unreasonably dangerous, not reasonably safe for use, and was defective at the time it left the possession or control of the manufacturer because it contained a manufacturing and/or design defect. Specifically, a manufacturing and/or design defect existed in the internal components of the Hart battery that catastrophically failed and caused internal heating inside the battery assembly, causing the Hart battery to ignite.

21. The Hart battery was being stored properly inside the Property, was plugged in or attached to a charger, and was in use at the time of the fire made the basis of this case occurred.

22. The incident that caused Plaintiff's damages – the subject fire – is of a kind that ordinarily occurs as a result of a product defect.

23. The incident that caused Plaintiff's damages was not solely the result of causes other than a product defect that existed at the time of the Hart battery's manufacture, sale or distribution.

24. As a result of the Hart battery's failure, Plaintiff's Insureds suffered damages.

## COUNT II
## NEGLIGENCE

25. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

26. Defendant owed the Plaintiff a duty of care to manufacture, distribute, and/or sell the Hart battery in a safe and non-defective manner so as to avoid injury or damage to the Plaintiff and the Property.

27. Defendant breached this duty of care and was negligent because the Hart battery was manufactured, distributed, and sold in a defective and unreasonably dangerous condition that caused it to catastrophically fail.

28. Specifically, Defendant was negligent by committing, among others, the following negligent acts of commission and omission:

   a. Negligently using a faulty manufacturing process to manufacture the Hart battery;

   b. Negligently failing to properly and timely inspect and test the Hart battery to ensure that it was manufactured in a safe and non-defective manner, and that it did not deviate in its construction or quality from the specifications or planned output in a manner that rendered it unreasonably dangerous or unfit for the intended purpose;

   c. Negligently failing to warn that the Hart battery was manufactured in a defective manner, prone to failure, or had a high risk of catastrophically failing, which rendered the Hart battery unreasonably dangerous to the Plaintiff or otherwise unfit for the intended purpose; and

   d. Committing other negligent acts of commission and omission that may be revealed through further investigation, including discovery.

29. Each of the above referenced acts and/or omissions, singularly and/or in combination with others, constitute negligence, which proximately caused Plaintiff's damages.

## COUNT III
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

30. Plaintiff re-alleges and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

31. The defect in the Hart battery existed at the time the product left Defendant's possession and was placed inside the Property without a substantial change in its condition.

32. The Hart battery at the Property was being stored and ready for use for the ordinary purpose in which it was intended to be used. Defendant impliedly warranted that this Hart battery was fit for the ordinary purposes for which such goods are used.

33. Plaintiff relied on the assurances made by Defendant that the Hart battery was safe and posed no risk of failure or fire.

34. Notwithstanding the foregoing express and/or implied warranties, the Hart battery failed, causing the subject fire.

35. Defendant breached the express and implied warranties alleged above in that the Hart battery installed in the Property was not as represented. Defendant breached the implied warranty of merchantability by manufacturing and/or selling a defective product.

36. Defendant's breach of the express and implied warranties alleged above was the direct and proximate cause of Plaintiff's damages.

## DAMAGES

37. Plaintiff re-alleges and incorporates the allegations in the above paragraphs as if fully set forth herein.

38. As a result of the Defendant's actions and/or omissions, Plaintiff has incurred damages in excess of the minimum jurisdictional limits of this Court. This action seeks recovery of amounts paid by Plaintiff to or on behalf of the Insureds for damages to the Property, both real and personal property. Plaintiff has made payments to date in the amount of $194,951.49. This claim remains open and Plaintiff reserves the right to update the amount of damages.

## PLAINTIFF IS THE REAL PARTY IN INTEREST

39. At all times material hereto, Plaintiff had in full force and effect a policy of insurance issued to the Del Valles' that covered, among other things, damage to real and personal property.

40. Plaintiff hereby gives notice to the court and all parties concerned that this lawsuit is being brought and prosecuted by Plaintiff as the real party in interest, pursuant to its legal and equitable subrogation rights and its insurance contract with the Del Valles.

## JURY DEMAND

41. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant TTI Consumer Power Tools, Inc. be cited to appear and answer, and that on final trial, Plaintiff have the following:

1. Judgment against Defendant for a sum within the jurisdictional limits of the Court;
2. Actual damages;
3. Prejudgment interest as provided by law;
4. Award of damages against Defendant in a sum determined by the trier of fact;
5. Post-judgment interest as provided by law;
6. Costs of court; and
7. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show itself justly entitled, whether pled or unpled.

DATED: June 6, 2024

Respectfully submitted,

**COZEN O'CONNOR**

By_____
Jason S. Schulze
Texas Bar No. 00797394
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3916
Facsimile: (832) 214-3905
jschulze@cozen.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Cavin on behalf of Jason Schulze
Bar No. 797394
kcavin@cozen.com
Envelope ID: 88537955
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/7/2024 10:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jason Schulze | | jschulze@cozen.com | 6/6/2024 4:38:07 PM | SENT |
| Sheila Akers | | sakers@cozen.com | 6/6/2024 4:38:07 PM | SENT |
| Kelly Cavin | | kcavin@cozen.com | 6/6/2024 4:38:07 PM | SENT |